UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

                              Case No. **16-CR-458-MV**

-vs-

**GERALD HERRERA,**

        **Defendant.**

## ORDER DENYING EXPEDITED MOTION FOR A FURLOUGH

**THIS MATTER** is before the Court on defendant Gerald Herrera's opposed Expedited Motion for a Furlough, filed on October 19, 2016.  Doc. 26.  Mr. Herrera is seeking release from custody for 48 hours to be present for the birth of his child, which is anticipated to be on October 23, 2016.  *See id.*  The government opposes Mr. Herrera's motion.  The Court denies Mr. Herrera's motion for the following reasons.

First, Mr. Herrera asks the court to hear this matter on an expedited basis even though he admits that he knew his girlfriend was pregnant when he was incarcerated back in April, 2016.  Doc. 26 at 1.  Even if he was not aware of her due date then, the note from the Women's clinic attached to his motion is dated September 30, 2016.  *Id.*, Exh. A.  Mr. Herrera does not explain why he waited until four days before the due date before filing his motion.  The delay in filing the motion unfairly and unnecessarily reduces the time for the government to respond to his motion, and for the Court to consider it.

Second, at the detention hearing on April 12, 2016, the Court detained Mr. Herrera as both a flight risk and a danger to the community.  *See* Doc. 13.  As the government explained at

that hearing, a rebuttable presumption that Mr. Herrera should be detained under 18 U.S.C. §§ 3142(e)(3)(A) and (B) applies in this case. Mr. Herrera failed to rebut that presumption. Further, the pretrial services report showed prior poor compliance with conditions of probation, and prior convictions for homicide by vehicle, receiving/transferring a stolen vehicle, tampering with evidence, burglary, and possession of both cocaine and heroin. It also showed current pending state charges of trafficking controlled substances, possession of a firearm or destructive device by a felon, and receiving or transferring a stolen motor vehicle. And, as proffered by the government, Mr. Herrera attempted to flee from law enforcement when he was arrested on the charges that led to the indictment in this case. Based on this information, the Court found by clear and convincing evidence that Mr. Herrera was a danger to the community, and by a preponderance of the evidence that he posed a risk of non-appearance.

Although a judicial officer may reopen a detention hearing, she may do so only if she "finds that information exists that was not known to the movant [Mr. Herrera] at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). Essentially, Mr. Herrera is asking the Court to reopen the detention hearing to permit him to be released for 48 hours. But Mr. Herrera offers no evidence to rebut the presumption that he is a danger to the community, much less to overcome the substantial evidence presented at the detention hearing that he is a danger. *See* Doc. 26. Furthermore, he simply asserts, without reliance on any facts, that he "is not a flight risk and will return to custody following the end of his furlough." *Id.* at 1. This assertion is insufficient to overcome both the presumption that he is a flight risk and the evidence presented

at the detention hearing.  Finally, although the court appreciates that "Mr. Herrera would like to be present for the birth of his child," *id.*, this desire does not have a "material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."  *See* 18 U.S.C. § 3142(f)(2).  There is no basis to reopen the detention hearing to consider Mr. Herrera's request for a 48-hour furlough, and the court declines to do so.

**IT IS THEREFORE ORDERED** that defendant Gerald Herrera's Expedited Motion for a Furlough (Doc. 26) is denied.

DATED this 19th day of October, 2016

*/s/ Laura Fashing*
Laura Fashing
United States Magistrate Judge